IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES ALLEN WEYANDT,       )
                             )
            Plaintiff,        )
                             )
    -vs-                     )        Civil Action No.   19-65
                             )
ANDREW M. SAUL,[1]            )
COMMISSIONER OF SOCIAL SECURITY,   )
                             )
            Defendant.        )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12).   Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13).   After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

## I.   BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits pursuant to the Social Security Act.   Administrative Law Judge ("ALJ"), David Romeo, held a hearing on March 7, 2018.   (ECF No. 8-2, pp. 28-57).   On May 14, 2018, the ALJ found that Plaintiff was not disabled under the Act.   (ECF No. 8-2, pp. 16-23).

After exhausting all administrative remedies thereafter, Plaintiff filed this action.   The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12).   The issues are now ripe for review.

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

2

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520.   The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).   *Dobrowolsky*, 606 F.2d at 406.   Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).   *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.   *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.   Weighing of Opinion Evidence

Plaintiff argues that the ALJ failed to properly evaluate the medical opinion evidence of Dr. Shoenthal, Plaintiff's treating physician.   (ECF No. 11, pp. 2-14).   The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2).   The opinion of a treating physician need not be viewed uncritically, however.   Rather, only where an ALJ finds that "a treating source's opinion on the

issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff specifically argues that the ALJ "failed to provide 'good/specific/supported' reasons for rejecting the opinion of Dr. Shoenthal, Plaintiff's treating

4

physician.   (ECF No. 11, p. 5).   In support of the same, Plaintiff first argues that the ALJ never gave any obvious consideration to the fact that Dr. Shoenthal is a treating provider.   (ECF No. 11, pp. 5-6).   I disagree.   To begin with, the ALJ gave weight to the entirety of Dr. Shoenthal's opinion, sans the portion that Plaintiff would need to rest more than 15 times per day.   (ECF No. 8-2, p. 21).   Further, in accordance with the Regulations, the ALJ is charged with the responsibility of weighing all of the medical opinion evidence in determining what evidence to credit.   *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence).   As a result, I find no merit to this suggestion.

Plaintiff next takes issue with the reasons the ALJ gave for rejecting the portion of Dr. Shoenthal's opinion that indicated Plaintiff would need to rest more than 15 times per day.   (ECF No. 11, pp. 7-14).   The ALJ explained his reason for discounting that portion of Dr. Shoenthal's opinion as follows:

> [I]t is not consistent with the objective medical evidence and the claimant's activities of daily living.   Although medical imaging revealed significant findings of degenerative disc disease, physical examinations revealed generally moderate findings, including mild tenderness, painful range of motion at extremes, normal strength, and normal gait.   Treatment records noted the claimant to report improvement in his pain with physical therapy and injections.   The clamant also reported being able to hunt behind his home, change the oil in his car, and do some hiking and gardening.

(ECF No. 8-2, p. 21).

In challenging the ALJ's first reason for rejecting Dr. Shoenthal's opinion that Plaintiff would need to rest more than 15 times per day, Plaintiff argues that there is evidence that Dr. Shoenthal's opinion is consistent with the evidence.   (ECF No. 11, pp. 6-10).   To be clear, the standard is not whether there is evidence to establish Plaintiff's position.   *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because

5

> substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, any argument in this regard is misplaced.

Furthermore, the ALJ laid out the objective medical evidence he found was inconsistent with that portion of Dr. Shoenthal's opinion. (ECF No. 8-2, p. 21). I find these reasons to be supported by substantial evidence. (ECF No. 8-2, pp. 19-21). Therefore, I find no error in this regard.

Plaintiff next argues that the ALJ mischaracterized Plaintiff's activities of daily living. (ECF No. 11, pp. 11-13). After a review of the record, I disagree. I do not find the ALJ's rationale regarding Plaintiff's activities of daily living to be misleading. (ECF No. 8-2, pp. 19-21). I find explanation to be supported by substantial evidence. *Id.* I also note, as set forth above, Plaintiff's activities of daily living were not the only reasons the ALJ rejected the one portion of Dr. Shoenthal's opinion. Consequently, I find no error in this regard.

Additionally, contrary to Plaintiff's assertion otherwise, the ALJ was not obligated to recontact Dr. Shoenthal and he did not rely on his lay analysis of the raw medical data. (ECF No. 11, p. 13-14). An ALJ may consider recontacting a treating physician, where the evidence is consistent but there is insufficient evidence to determine whether a claimant is disabled or after weighing the evidence the ALJ cannot reach a conclusion about whether a claimant is disabled, but he is not required to do so. 20 C.F.R. §§404.1520b; 416.920b. I find there was sufficient evidence and the ALJ properly weighed the opinion of Dr. Shoenthal in accordance with the rules and regulations.

C.     **Plaintiff's Credibility**

Plaintiff's last argument is that the ALJ's credibility assessment is deficient because he failed to consider Plaintiff's "stellar work history."   (ECF No. 12, pp. 14-15).   To that end, Plaintiff states that his "lengthy work history is a factor that lends to his credibility."   *Id.* at 15. Plaintiff is not suggesting that this fact entitles him to enhanced credibility or that this fact trumps other facts. *Id.*   Rather, Plaintiff simply states that (1) the ALJ was required to consider it, and (2) did not. *Id.*

In considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record.   SSR 16-3p.    Additionally, the ALJ will also consider daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.   20 C.F.R. §§404.1529(c), 416.929(c).   The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In this case, a review of the ALJ's opinion reveals that the ALJ specifically considered

7

Plaintiff's work history.   (ECF No. 8-2, pp. 15, 17).   Additionally, the ALJ acknowledged Plaintiff worked as a painter.   *Id.* at p. 21.   While I recognize that the ALJ did not discuss in great detail Plaintiff's work history, there is also no requirement that the ALJ tarry on about a plaintiff's prior work history.   Thus, contrary to Plaintiff's assertion otherwise, I find the ALJ sufficiently considered Plaintiff's work history in assessing his credibility.   *Id.*   Therefore, remand on this basis is not warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES ALLEN WEYANDT,                )
                                      )
                 Plaintiff,           )
                                      )
        -vs-                          )          Civil Action No.   19-65
                                      )
ANDREW M. SAUL,[2]                    )
COMMISSIONER OF SOCIAL SECURITY,      )
                                      )
                 Defendant.           )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 1st day of May, 2020, it is ordered that Plaintiff's Motions for Summary Judgment (ECF No. 10) is denied and Defendant's Motion for Summary Judgment (ECF No. 12) is granted.

BY THE COURT:

s/   Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

_____

[2] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.